### John F. Lence, Appellee, v. Insurance Company of North America, Appellant.

1. INSTRUCTIONS—*must not ignore defenses.* An instruction is erroneous and should be refused which authorizes a recovery in disregard of a valid defense supported by evidence tending to establish the same.

2. INSTRUCTIONS—*must not submit questions of law.* An instruction is erroneous which leaves to the determination of the jury the question whether there has been at a particular time a legal transfer of the title to real estate.

Assumpsit. Appeal from the Circuit Court of Jackson county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

W. W. BARR and R. J. STEPHENS, for appellant.

W. A. SCHWARTZ and COLP & FERRELL, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought this suit on an insurance policy issued by appellant upon a dwelling house owned by him to recover for its loss by fire. The pleadings so far as they are necessary to be considered here were as follows:

A declaration containing a special count setting out a copy of the insurance policy in *haec verba* and the loss of the property by fire; also the common counts. Appellant filed a plea of the general issue and two special pleas, the first of which alleged that it was provided in the policy, the same should be void in case of any fraud or false swearing by the insured, touching any matters relating to the insurance or the subject thereof, whether before or after the loss; that prior to the loss appellee conveyed the property by warranty deed, divesting himself of any interest therein and afterwards in the proof of loss wilfully made an affidavit that he was the owner in fee of the

property at the time of the loss, when in fact he had no interest therein and that by reason of such false affidavit, the policy became void. The second special plea set up as a defense a change of ownership by reason of the warranty deed above referred to, without the knowledge or consent of appellant, and that by reason thereof, according to the terms of the policy, the same become void. The plaintiff filed two special replications; the first alleged that the deed in question was delivered to a brother of appellee to negotiate a sale of the property upon certain conditions; that he in turn delivered it to another person, not the grantee, for inspection and examination, upon condition the title should not pass until all said terms and conditions were complied with; that none of said terms and conditions had been complied with at the time of the fire and that appellee was not then divested of his title to the property. The other special replication also set out said conditions and stated they had not been performed at the time of the fire, and further that the agent of appellant was fully advised of the negotiations for the sale of the property and, as the same progressed, consented thereto. Verdict and judgment for appellee for $368.75.

It appeared from the proofs that appellee owned the premises at the time the policy was taken out and that during the period covered by the same the dwelling house was burned; that his brother, Daniel L. Lence, was negotiating a sale of the premises for him to Mrs. A. A. McGinnis; that with this sale in view appellee executed and left with his brother a warranty deed conveying the premises to her; that in consideration of such conveyance it was agreed Mrs. McGinnis should deliver to appellee a horse, pay him either $15 or $30, the amount being in dispute, and assume $300 of a $1000 mortgage given by appellee and his father on this and other property to the Anna Building & Loan Association, it being also agreed that she was to have a proportionate number of shares of said association

assigned to her; that Brett McGinnis, the son of the proposed purchaser, who was acting as her agent delivered the horse to Daniel Lence, paid him $15, and subsequently delivered the deed to his mother; that Daniel L. Lence called upon the secretary of the association, who was also agent for the insurance company, to make the arrangement as to the division of the loan and the transfer of the shares of stock, but at the time of the fire nothing had been done in regard thereto; that after the fire Brett took the deed back to Daniel L. Lence who paid back the $15 but kept the horse, paying therefor a sum of money in cash.

Upon the question of the conditions attending the delivery of the deed by Daniel L. Lence to Brett McGinnis and the circumstances attending the same, there was a controversy in the evidence, it being contended on the one hand that the deed was delivered simply for examination and that an additional sum of money was to be paid, and on the other that no more money was to be paid and that the delivery was final. As however two juries have decided the question of fact involved, in favor of appellee, we would not disturb the judgment in this case were it not for what we consider reversible error in the giving of certain instructions to the jury by the court below. The second instruction given for appellee was as follows:

"The defendant sets up as a defense to plaintiff's right to recover in this suit that the plaintiff, John F. Lence, divested himself of title to said property before the building in question burned without the knowledge or consent of defendant insurance company, and the court instructs the jury that it devolves upon the defendant to prove by a preponderance of the evidence that the plaintiff did divest himself of the title to said property without the knowledge or consent of defendant, otherwise you must find for the plaintiff."

This instruction confines plaintiff's defense to the matters set up in the two special pleas and ignored

altogether the general defense to plaintiff's suit contained in the plea of non-assumpsit. Under the plea of non-assumpsit plaintiff was at least required to make out a *prima facie* case, while this instruction requires nothing of plaintiff, but improperly authorizes a recovery unless defendant has proved the defense set up in its special pleas by a preponderance of the evidence.

The fourth instruction stated certain things which the jury might consider "In determining whether the title of the property in question passed from John F. Lence to Mrs. A. A. McGinnis," and concludes, "and if after considering all of the facts and circumstances in evidence regarding the trade, you believe that the title to said property had not passed at the time of the fire in question, then you will find for the plaintiff and against the defendant on said second and third additional pleas." This instruction was erroneous in that it authorized the jury to determine the question whether the title to the property had passed at the time of the fire, which was a question of law and not of fact. The jury might well have determined what the true facts were concerning the transfer of the deed including the intention of the parties at the time, but whether these facts and that intention constituted a legal transfer of title was a question of law for the court and not a question of fact for the jury. The instruction was also informal if not actually misleading in that it apparently assumed that negotiations between the parties were pending at the time of the fire, when it was claimed by appellant they had been wholly completed prior to the time of the fire and evidence tending to support that contention had been introduced by it.

What is here said concerning the fourth instruction applies with equal force to the fifth instruction given for appellee.

For the errors in instructions above noted the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*